IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEARA WOODY, MICAHEL WOODY, and TEMPEST HORNSLEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | Case No. 17-CV-534-SMY-RJD |
| CITY OF GRANITE CITY, ILLINOIS, STEVE WILLAREDT, in his individual and official capacity, JOHN BIRDSONG, in his individual and official capacity, DAVID HENN, in his individual and official capacity, RALPH WALDEN, in his individual and official capacity, CAPTAIN GAGICH, in his official capacity, LT. WERTHS, in his official capacity, PT. MANGIARACINO, in his official capacity, PT. DONAHEY, in his official capacity, SERGEANT WOJITOWICZ, in his official capacity, PT. HADLEY, in his official capacity, and PT. ROBERTS, in his official capacity, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is the Motion to Dismiss Count III of Plaintiffs' Complaint filed by Defendants City of Granite City, Captain Gagich, Lt. Werths, Pt. Mangiaracino, Pt. Donahey, Sergeant Wojitowicz, Pt. Hadley, and Pt. Roberts (Doc. 13). Plaintiffs filed a response (Doc. 17). For the following reasons, the motion is **DENIED**.

### Background

In this civil rights action, Plaintiffs Ceara Woody, Michael Woody, and Tempest Horsley

allege violations of their Fourth and Fourteenth Amendment rights. Named as Defendants are Steve Willaredt, John Birdsong, David Henn, Rick Shelton, Ralph Walden (hereinafter the "Building and Zoning Defendants"), Capt. Gagich, Lt. Werths, Pt. Mangriaracino, Pt. Donahey, Sgt . Wojtowicz, Pt. Hadley, Pt. Roberts (hereinafter the "Police Defendants"), and the City of Granite City ("Granite City").

Between October 2014 and July 2015, Plaintiffs and Granite City litigated ordinance violations issued by the city as a result of Plaintiffs keeping chickens on their property. According to Plaintiffs, the chickens hold profound religious significance to them. Plaintiffs allege that during the various legal battles between them and Granite City, there were numerous instances of trespassing and harassment by the Building and Zoning Defendants.

In Count III, Plaintiffs assert violations of their Fourth and Fourteenth Amendment rights. Specifically, Plaintiffs allege that through "a series of harassment, assault, invasion of property, issuance of baseless citations, and other behavior, the Building and Zoning Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution". *Id.* at ¶ 54. Plaintiffs further allege that they made numerous calls to the Granite City Police Department and reported the conduct of the Building and Zoning Division to a variety of police officials, including the Police Defendants, but no corrective action was taking against the Building and Zoning Division. *Id*. at ¶ 55; *see also* ¶¶ 22, 27-29.

## Discussion

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Liability under 18 U.S.C. § 1983 requires proof that the conduct complained of was committed by a person acting under the color of the law and that it deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir.1994). Under certain circumstances, a state actor's failure to intervene to prevent another state actor's Fourth Amendment violation renders him culpable under § 1983. *Yang,* 37 F.3d at 285 (collecting cases).

In this case, Plaintiffs allege, that the Police Defendants knew of the Building and Zoning Defendants' actions (including harassment, assault, invasion of property, and issuance of baseless citations), had the power to prevent it, and yet did nothing. They assert that the Police Defendants' failure to prevent the Building and Zoning Defendants' actions renders them liable under § 1983 for Fourth Amendment violations committed by the Building and Zoning Defendants. Accepting Plaintiffs' allegations as true and reading all reasonable inferences in their favor, as it must at this stage, the Court finds that Plaintiffs sufficiently allege that the claimed actions of the Police Defendants make them personally responsible for the constitutional

deprivations. *See Yang,* 37 F.3d at 285. Accordingly, Defendants motion to dismiss Count III of Plaintiffs' Complaint is denied.

    **IT IS SO ORDERED.**

    **DATED: January 29, 2018**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**