IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CEARA WOODY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-534-SMY-RJD |
| | ) | |
| GRANITE CITY, ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Strike Paragraph No. 26 of Plaintiffs' Amended Complaint (Doc. 34). For the reasons set forth below, the Motion is **GRANTED**.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, however, and will generally be denied unless the portion of the pleading at issue is prejudicial. *U.S. Liability Ins. Co. v. Bryant*, No. 3:10-cv-00129-JPG, 2011 WL 221662, *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)) (other citations omitted). Prejudice results where the challenged allegations have the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Id.* (citation omitted).

Defendants ask the Court to strike paragraph 26 of Plaintiff's amended complaint, which

states: "On February 8, 2016, Plaintiff extended a settlement offer to the City of Granite City regarding the pending religious liberties litigation. The offer expired on February 23, 2016." Defendants contend that because this statement refers to the parties' confidential settlement negotiations it is inadmissible under Federal Rule of Evidence 408 and, as the allegation has no relation to the claims in this lawsuit, it is immaterial. Plaintiffs refer to various advisory committee notes to Fed. R. Evid. 408, asserting that Defendants' failure to respond to a settlement offer may be admissible for a variety of reasons, including to show notice or bad motives. Plaintiffs, however, fail to articulate what precise purpose the allegation in paragraph 26 is meant to serve. The Court cannot discern any particular purpose for the inclusion of the paragraph 26 in this case; therefore, the Court finds this allegation confuses the issues in this case and agrees with Defendants that said allegation is immaterial and should be stricken from Plaintiffs' pleading.

Defendants' motion (Doc. 34) is **GRANTED**. Paragraph 26 of Plaintiffs' First Amended Complaint (Doc. 33) is **STRICKEN**.

**IT IS SO ORDERED.**

**DATED: November 13, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**